# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. MOSES, JR., CDCR #K-65174, | Civil No.    13cv2610 LAB (MDD) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | |
| CYNTHIA WHITE, | **[ECF No. 8]** |
| Defendant. | |

**I.      Procedural History**

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  On November 12, 2013, this Court dismissed this action as duplicative pursuant to 28 U.S.C. § 1915A(b)(1) and denied Plaintiff's Motion to Proceed *In Forma Pauperis* as moot.  (ECF No. 4.)  Specifically, the Court found the claims in this action

1    to be identical to the claims Plaintiff filed in *Moses v. White, et al.*, S.D. Cal. Civil Case No.

2    12cv0073 JLS (BGS).  (*Id.* at 2.)[1]  The Court dismissed the action and closed the file.

3           On November 29, 2013, the Plaintiff filed a Motion for Reconsideration in this matter.

4    (ECF No. 8.)

5    **II.    Plaintiff's Motion**

6           **A.    Motion for Reconsideration**

7           The Federal Rules of Civil Procedure do not expressly provide for motions for

8    reconsideration.[2]  However, a motion for reconsideration may be  construed as a motion to alter

9    or amend judgment under Rule 59(e) or Rule 60(b).  *See Osterneck v. Ernst & Whinney*, 489

10   U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir.

11   1994).  Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence,

12   surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment

13   is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief.

14   FED.R.CIV. P. 60(b).

15          **B.    Plaintiff's claims**

16          In Plaintiff's Motion, he argues that this Court should never have dismissed this action

17   as duplicative because the basis for the dismissal in *Moses v. White, et. al.*, S.D. Cal Civil Case

18   No. 12cv0073 JLS (BGS) was erroneous.  (*See* Pl.'s Mot. at 1.)  Specifically, Plaintiff argues

19   that his previous action was dismissed because the Court found that Defendant White was

20   erroneously entitled to judicial immunity.  (*Id.*)  However, the Court has reviewed the docket

21   in the matter the Court found to be duplicative and finds that the action was, in fact, dismissed

22

23          [1]  The Court also takes judicial notice that Plaintiff filed this identical action which contained the
     same claims in *Moses v. Superior Court of San Diego, Court Stenographer*, S.D. Cal. Civil Case No.
24   12cv0937 AJB (JMA).  District Judge Anthony Battaglia also dismissed that case as frivolous pursuant
     to 28 U.S.C. § 1915A(b)(1).  (*Id.*, ECF No. 4, at 1-3.)
25

26          [2]  However, Local Rule 7.1(i) does permit motions for reconsideration.  Under Local Rule 7.1(i)(1),
     a party may apply for reconsideration "[w]henever any motion or any application or petition for any
27   order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL.
     CIVLR 7.1(i).   The party seeking reconsideration must show "what new or different facts and
     circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."
28   *Id.*  Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty -eight (28)
     days after the entry of the ruling, order or judgment sought to be reconsidered."

as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (*See Moses v. White, et. al.*, S.D. Cal Civil Case No. 12cv0073 JLS (BGS), ECF No. 5 at 2-3.) Thus, Defendant White was not found to have judicial immunity and moreover, Plaintiff was granted leave to file an Amended Complaint which he failed to do. As the Court stated in the Order challenged by Plaintiff, a prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). This is the third identical action Plaintiff has filed involving the same claims and the same parties. A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Plaintiff has failed to provide any factual or evidentiary support for any basis under Rule 60(b) that would justify vacating the Court's November 12, 2013 Order.

## III. Conclusion and Order

Accordingly, Plaintiff's Motion brought pursuant to FED.R.CIV.P. 60 [ECF No. 8] is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: December 19, 2013

**HONORABLE LARRY ALAN BURNS**
United States District Judge